

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RECOVERY LIMITED PARTNERSHIP,

    Plaintiff,

v.

Case No. 2:14cv160

The Wrecked and Abandoned Vessel
S.S. CENTRAL AMERICA, her engines,
tackle, apparel, appurtenances, cargo, etc.,
    in rem,

    Defendant.

### VERIFIED COMPLAINT

Plaintiff, Recovery Limited Partnership, by its court-appointed Receiver Ira O. Kane (hereinafter, "Plaintiff"), by and through its attorneys, Crenshaw, Ware & Martin, for its Verified Complaint in admiralty alleges upon information and belief, as follows:

### Preliminary Statement

1. This is a case of admiralty and maritime jurisdiction, pursuant to 28 U.S.C § 1333, and is an admiralty and maritime claim within the meaning of rule 9(h) of the Federal Rules of Civil Procedure, as hereinafter more fully appears.

2. At all the times herein mentioned Plaintiff was and now is a limited partnership, duly organized and existing under the laws of the State of Ohio, having its principal place of business in Columbus, Ohio.

3. Plaintiff has for many years been engaged in an operation for the recovery, search, and salvage of the Defendant wrecked and abandoned vessel, her engines, tackle, apparel, appurtenances, cargo, etc. (the "Wreck"); lost in the Atlantic Ocean, and located within a box defined by the following coordinates:

Northern boundary-31°37' North latitude;

Southern boundary-31°33' North latitude;

Western boundary-77°2' West longitude;

Eastern boundary-76°57' West longitude

4. The Defendant wreck is the remains of the S.S. Central America, an American flag side wheel steamer (the "Vessel"), which sank on or about September 12, 1857.

5. Upon information and belief, a United States business entity owned and/or operated the Vessel aforesaid until it became wrecked, lost and abandoned.

6. On information and belief, efforts were made by and on behalf of the former owners and/or underwriters to salvage the wrecked and abandoned vessel, her engines, tackle, apparel, appurtenances, cargo, etc. All such efforts were totally unsuccessful, and were and have been affirmatively long abandoned, or adjudicated in the former proceedings involving the Defendant, *Columbus-America Discovery Group, Inc. v. The Unidentified and Abandoned Sailing Vessel, etc.*, Civil Action 2:87-cv-363.

7. The salvaged portions of or artifacts from the aforesaid wreck will be within the actual and/or constructive jurisdiction of this district during the pendency of this action.

8. This Court has or will during pendency of this action have jurisdiction in personam over any potential claimants and/or competing salvors by virtue of their contacts with this forum, the nature of Plaintiff's action, the relationship of the potential claimants and/or competing salvors, the forum and the cause of action, and/or the principle of jurisdiction by necessity.

9. The exercise of jurisdiction over competing salvors is necessary to prevent irreparable injury to, or destruction of, the wreck; to allow Plaintiff to continue to bring the

salvaged portions of the wreck within this district; and to prevent destruction of this Court's actual and potential jurisdiction.

10. Plaintiff has invested substantial time, money and effort researching the history of, searching for, locating, and effecting the actual recovery of, the wreck and portions of the wreck.

11. The wreck aforesaid is abandoned property, is wholly derelict and affirmatively abandoned by the owners and underwriters, and the owners and underwriters have no intention of returning.

12. Plaintiff is actively and successfully engaged in the process of reducing the wreck aforesaid to its exclusive custody, control, possession and dominion as well as conditions and circumstances permit, and has the current ability to continue such.

13. The value of Defendant wreck, cargo, etc. is estimated to be between $200,000,000.00 and $500,000,000.00.

14. The Wreck was partially salvaged by plaintiff's agent and the valuable cargo and passenger possessions have been previously subject to adjudication by this Honorable Court, *Columbus-America Discovery Group, Inc. v. The Unidentified and Abandoned Sailing Vessel, etc.*, Civil Action 2:87-cv-363.

## COUNT ONE

### PETITORY/POSSESSORY AND OWNERSHIP CLAIMS

15. Plaintiff incorporates herein by reference its allegations in Paragraphs 1 - 14 hereof.

16. Plaintiff is the rightful owner and possessor of the wreck aforesaid, and has taken such actions as were necessary to constitute dominion and control of the wreck as salvor in possession.

17. Plaintiff is entitled to the exclusive title to and ownership and possession of the Wreck and this Court's protection of Plaintiff's rights to the Wreck.

## COUNT TWO

## SALVAGE AWARD

18. Plaintiff incorporates herein by reference its allegations in Paragraphs 1 - 14 hereof.

19. Plaintiff has conducted extensive research, search and salvage and recovery operations on the wreck aforesaid.

20. The wreck aforesaid is and was the subject of a marine peril, and was in an utterly helpless condition from which it could not be rescued and recovered without Plaintiff's assistance.

21. Plaintiff is and was under no legal or official duty to provide the assistance aforesaid.

22. Plaintiff's acts have been and will be successful in saving, and/or helping to save, the wreck and/or salvaging portions of the wreck.

23. Plaintiff, by reason of the services so performed, private risk capital spent and the time spent and danger incurred in finding and salvaging the wreck, is entitled to a liberal, salvage award for such services, in an amount of the full value of the Defendant wreck, cargo, etc. recovered, estimated to be between $200,000,000.00 and $500,000,000.00.

## COUNT III

### SALVAGE OPERATION AND INJUNCTIVE RELIEF

24. Plaintiff incorporates herein by reference its allegations in Paragraphs 1 - 14 hereof.

25. This Honorable Court has previously issued an injunction barring others from conducting or interfering with salvage of the Defendant wreck within the boundaries set forth in Paragraph 3 above. *Columbus-America Discovery Group, Inc. v. The Unidentified and Abandoned Sailing Vessel, etc.*, Civil Action 2:87-cv-363.

26. The rights and efforts of Plaintiff, the economic value and historical integrity of the Wreck aforesaid, the successful recovery of lost property at sea, and the safety of life and limb require that Plaintiff be permitted and continue to be protected by the Court in maintaining exclusive dominion and control of the salvage activities on the wreck without interference by third parties.

27. Allowing interference with Plaintiff's operations would substantially and irreparably injure Plaintiff, would be inequitable, would be harmful to the public good, and would be contrary to a balancing of the respective interests of the parties and comparative hardship.

### CONCLUSION

WHEREFORE, Plaintiff prays:

a. That Plaintiff be declared the true, sole and exclusive owner of the wreck and any items recovered from the aforementioned wreckage beginning April 15, 2014.

b. Alternatively, that Plaintiff be awarded a liberal salvage award with respect to the wreck in the amount of $200,000,000.00 and $500,000,000.00 as aforesaid, or in such amount as may be determined by this Court under the law of salvage.

c. That Plaintiff be declared entitled to the sole and exclusive right to recover, control, deal with, and transact with all such property without interference by third persons or parties, and that any and all such interference be enjoined in accordance with the permanent injunction issued in favor of Plaintiff's agent in *Columbus-America Discovery Group, Inc. v. The Unidentified and Abandoned Sailing Vessel, etc.*, Civil Action 2:87-cv-363, or such other injunction as may be issued by the Court.

d. That process in rem and a warrant of arrest may issue in due form of law, in accordance with the practice of this Honorable Court in causes of admiralty and maritime jurisdiction against the aforesaid Wreck or portions of it with notice to all persons claiming an interest therein to appear and answer this Complaint and to show cause why the wreck should not be:

   i. delivered to Plaintiff as having full ownership, title and right to possession thereof, or

   ii. alternatively, sold and appropriately disposed of in satisfaction of any judgment in favor of Plaintiff for salvage resulting from its salvage efforts.

e. That Plaintiff may have such other and further relief as the justice of this cause may require.

This 17th day of April, 2014.

_____
James L. Chapman, IV, Esquire (VSB No. 21983)

6

Steven M. Stancliff (VSB No. 73853)
C. Wiley Grandy, Esquire (VSB No. 82154)
*Counsel for Recovery Limited Partnership*
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
sstancliff@cwm-law.com
cwgrandy@cwm-law.com

Conrad M. Shumadine (VSB No. 4325)
Brett A. Spain (VSB No. 44567)
*Counsel for Recovery Limited Partnership*
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone: (757) 628-5500
Facsimile: (757) 628-5566
cshumadine@wilsav.com
bspain@wilsav.com

## VERIFICATION

**COMMONWEALTH OF VIRGINIA:**
**CITY OF NORFOLK:**

This day personally appeared before me James L. Chapman, IV, who, being duly sworn, deposes and says:

1. That he is counsel for Recovery Limited Partnership, by its Receiver Ira O. Kane and as such he is authorized to make this affidavit.

2. That he has read the foregoing complaint and knows the contents thereof and to the best of his knowledge, information and belief the matters set forth in the complaint are true and correct based upon his investigation of the matters therein and information provided to him by Recovery Limited Partnership, by its Receiver Ira O. Kane, and others with whom he has spoken as counsel on its behalf.

3. Verification is not made by the party, because it is not within the district. But I am authorized to verify this complaint on its behalf.

_____
James L. Chapman, IV

Subscribed and sworn to before me, a Notary Public in and for my City and State aforesaid, by James L. Chapman, IV this 17th day of April, 2014.

_____
Notary Public
My Commission expires: 7/31/2016

